**EXHIBIT "A"**

**RECEIVED BY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

AUG 19 2013

CMRE LEGAL DEPT.

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

CMRE FINANCIAL SERVICES, INC. an incorporated business entity;
and DOES 1 through 50, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL KINDSCHI, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/07/2013 at 12:20:29 PM

Clerk of the Superior Court
By Sandra Villanueva,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court - Central

330 West Broadway, San Diego, California 92101

CASE NUMBER
*(Número del Caso):* 37-2013-00061600-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jared Hartman, HARTMAN LAW OFFICE, INC. 400 S. Melrose Dr. #209, Vista, Ca 92081, 951-234-0881

DATE: 08/07/2013                Clerk, by _____ S. Villanueva _____, Deputy
*(Fecha)*                       *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*0024845526*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/07/2013** at 12:20:29 PM
Clerk of the Superior Court
By Sandra Villanueva,Deputy Clerk

Babak Semnar (SBN 224890)
SEMNAR LAW FIRM, INC.
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Jared M. Hartman (#254860)
HARTMAN LAW OFFICE, INC.
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 234-0881
Fax: (888) 819-8230

Attorneys for Plaintiff
PAUL KINDSCHI

**RECEIVED BY**

**AUG 19 2013**

**CMRE LEGAL DEPT.**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| PAUL KINDSCHI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CMRE FINANCIAL SERVICES, INC. an incorporated business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 37-2013-00061800-CU-MC-CTL<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **TELEPHONE CONSUMER PROTECTION ACT**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br>3. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>4. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, PAUL KINDSCHI, an individual, by and through his attorneys of record, Babak Semnar of Semnar Law Firm, Inc. and Jared M. Hartman of Hartman Law Office, Inc., hereby complains and alleges as follows:

1
Complaint

## INTRODUCTION

1.  In 47 U.S.C. § 227(b), Congress enacted the Telephone Consumer Protection Act ("TCPA") to prohibit the use of automated dialing system equipment to dial cellular telephone lines without prior express consent, to prohibit the use of artificial or recorded voice equipment to dial cellular telephone lines without prior express consent, to prohibit the use of artificial or recorded voice equipment to dial residential telephone lines without prior express consent, and also created a private right of action for monetary and injunctive relief to redress such violations.  To carry out its purpose, the TCPA explicitly vests state courts with subject matter jurisdiction over the causes of action it creates.  47 U.S.C. § 227(b)(3).

2.  In enacting the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692-1692p, the U.S. Legislature issued the following findings and purpose in 15 U.S.C. § 1692(a)-(e):

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where

abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 *et seq.*] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.     Similarly, in writing the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788-1788.32, the California Legislature issued the following findings and purpose in Calif. Civil Code § 1788.1(a)-(b):

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4.     Paul Kindschi, ("Plaintiff"), through his attorneys, brings this action to challenge the actions of CMRE FINANCIAL SERVICES ("Defendant"), with regards to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5.     Plaintiff makes these allegations on information and belief, with the

3

**Complaint**

exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.      While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.      Unless otherwise stated, all the tortious conduct engaged in by Defendant occurred in the State of California.

8.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9.      This action arises out of Defendant's violations of: 1) the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA")— which, in 47 U.S.C. § 227(b)(3), explicitly vests state courts with subject matter jurisdiction over the causes of action it creates; 2) State of California Rosenthal Fair Debt Collection Practices Act (California Civil Code §§ 1788-1788.32) ("Rosenthal Act"); 3) Federal Fair Debt Collections Practices Act (15 U.S.C. 1692-1692p)("FDCPA")— which, in 15 U.S.C. 1692k(d), explicitly vests state courts with subject matter jurisdiction over the causes of action it creates; and 4) state tort for Negligence.  Subject matter jurisdiction is therefore established.

10.      Jurisdiction of this Court is proper, as all actions from aforementioned

4
**Complaint**

actions arose within the boundaries of the County of San Diego, State of California, and because Plaintiff permanently resides in the County of San Diego, State of California.

11.     Because Defendant conducts business within the County of San Diego, State of California, personal jurisdiction is established.

12.     Because all actions arose within the jurisdiction of this court, venue properly lies in this court.

## PARTIES & DEFINITIONS

13.     Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g).

14.     Plaintiff, a natural person, was allegedly obligated to pay a consumer debt to Defendant alleged to have been due and owing, and Plaintiff is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15.     Defendant conducts business in the County of San Diego, State of California, and is physically located at 3075 E IMPERIAL HWY. #200, in the City of Brea, State of California, and as a partnership, corporation, limited liability company, or other similar entity, Defendant is therefore a "person" within the meaning of California Civil Code § 1788.2(g).

16.     Defendant alleged that Plaintiff owed them money that they were allegedly collecting on behalf of a medical entity, and Plaintiff is informed and believes that the

5
**Complaint**

money alleged to have been owed originated from a dermatologist lab, which was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2(d).

17.     Upon information and belief, Defendant was attempting to collect on a debt that originated from personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e), and because Plaintiff, a natural person, was allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f).

18.     Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c), and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b).

19.     Plaintiff is informed and believes that Defendant utilizes an automatic telephone dialing system in connection with its debt collection attempts, which is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing

systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect the recipient with a live agent of the debt collector.

## FACTUAL ALLEGATIONS

20.     Since May of 2013, Plaintiff has received at least 15 phone calls on his cellular phone from Defendant, all of which Plaintiff is informed and believes were lodged by an auto-dialer with pre-recorded voice recordings, because the several calls that Plaintiff answered and the several calls that he did not answer but received a voicemail all contained a pre-recorded message that stated "This is CMRE Financial Services calling only for PAUL KINDSCHI". The phone calls that Plaintiff did answer required him to wait until the pre-recorded message was over before he was connected to a live agent.

21.     Upon information and belief, the calls described in paragraph 20 above were placed to Plaintiff's cellular phone without his prior express consent, not for emergency purposes, were placed with both an automated dialing machine and a pre-recorded and artificial voice message, and Plaintiff has never once given his cellular phone number to Defendant or any agent for Defendant.

22.     Plaintiff spoke to a live agent in late July or early August of 2013, who refused to provide information upon Plaintiff's demand as to what the alleged debt pertained, how it originated, who was the original creditor, and how much the alleged debt was initially. After insisting upon receiving these details, Plaintiff was only

informed by the live agent that they collect upon outstanding medical debts, without providing any further information.

23.     Plaintiff has never once received written notice from Defendant informing him of the following, as required by 15 U.S.C. § 1692g: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24.     Plaintiff has never once received written notice from Defendant informing him of the following, as required by California Civil Code § 1812.700:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to

confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

25.    At all times during the aforementioned actions, there was in full force and effect the following prohibition within the TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii):

> (b) Restrictions on use of automated telephone equipment.
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> ...
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

26.    At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Rosenthal FDCPA, pursuant to California Civil Code § 1812.700:

> (a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:
>
> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or

call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

(b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector.

27.   At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. §§ 1692e(10):

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
…
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28.   At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29.   At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692g(a):

10

**Complaint**

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30.    At all times during the aforementioned actions, there was in full force and effect the following duty of care owed to Plaintiff by Defendant pursuant to Calif. Civ. Code § 1714:

(a) Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. ...

## FIRST CAUSE OF ACTION
### (TCPA)
### 47 U.S.C. 227 § (b)(1)(A)(iii)

31.    Plaintiff repeats, re-alleges, and incorporates by reference, all other

11

**Complaint**

paragraphs as though set forth fully herein.

32.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by using, upon information and belief, an automatic telephone dialing system to call Plaintiff's cellular phone at least 15 times without Plaintiff's prior express consent and not for emergency purposes.

33.     Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by using, upon information and belief,  artificial and pre-recorded voice messages to call Plaintiff's cellular phone at least 15 times without Plaintiff's prior express consent and not for emergency purposes.

## SECOND CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

34.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35.     Defendant violated California Civil Code § 1812.700 by failing to provide Plaintiff with written notice of the following:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more

information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## THIRD CAUSE OF ACTION
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692-1692p

36.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as though set forth fully herein.

37.     Defendant violated 15 U.S.C. §§ 1692e(10) by refusing to provide information to Plaintiff upon his demand regarding to what the alleged debt pertained, how it originated, who was the original creditor, and how much the alleged debt was initially.

38.     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt by refusing to provide information to Plaintiff upon his demand regarding to what the alleged debt pertained, how it originated, who was the original creditor, and how much the alleged debt was initially.

39.     Defendant violated 15 U.S.C. § 1692g because Plaintiff has never once received written notice from Defendant informing him of the following: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### FOURTH CAUSE OF ACTION
**NEGLIGENCE**
**CALIF. CIVIL CODE § 1714**

40.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as though set forth fully herein.

41.    As Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California, and because Defendant conducts business within the County of San Diego, State of California, Defendant consequently owed Plaintiff a duty of care to not harm Plaintiff with its want of ordinary care or skill in the management of its property or person, not only with their willful misconduct.

42.    Defendant's use of egregious and outrageous conduct in connection with their attempt to collect a debt allegedly owed by Plaintiff calling him repeatedly and refusing to provide proper information upon Plaintiff's demand in order for him to determine whether it was even a debt he legitimately owed consequently breached their duty of care owed to Plaintiff.

43.    Defendant is therefore liable for Plaintiff's harm as a result of its want of ordinary care or skill in the management of its property or person.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**As To the First Cause of Action:**

1.     Plaintiff demands an award of statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) for each phone call in violation of the TCPA scheme, to be tripled in the Court's discretion for each willful and knowing violation, in an amount to be proven at trial;

2.     Reasonable attorney's fees and costs of litigation;

3.     Injunctive relief to prohibit Defendants from committing such violations in the future; and

4.     Such other and further relief this court may deem just and proper.

**As To the First Cause of Action:**

1.     An award of actual damages pursuant to California Civil Code section 1788.30(a), as will be proven at trial;

2.     An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code section 1788.30(b);

3.     An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c);

4.     Injunctive relief to prohibit Defendants from committing such violations in the future;

5.      Such further relief as this Court may deem just and proper.

**As to The Third Cause of Action:**

1.      An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), as will be proven at trial;

2.      An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.      An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

4.      Injunctive relief to prohibit Defendants from committing such violations in the future;

5.      Such further relief this court may deem just and proper.

**As to The Fourth Cause of Action:**

1.      For an award of actual damages from Defendant for the mental anguish and emotional injury suffered by Plaintiff as a result of Defendants' conduct in an amount to be determined at trial, pursuant to Calif. Civ. Code § 3333;

2.      Punitive damages to be determined at trial, for the sake of example and punishing Defendants for their outrageous conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, pursuant to Calif. Civ. Code § 3294(a), (c)(2);

3.      Injunctive relief to prohibit Defendants from committing such violations in the future;

Complaint

4.      For such further relief as this Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 08/06/2013

_____
JARED M. HARTMAN, ESQ.
Attorney for Plaintiff

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.

     I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Los Angeles, California 90045.

     On **September 16, 2013,** I served the foregoing document described as: **NOTICE OF REMOVAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**   **(BY MAIL)**  I sealed such envelope(s) and placed it (them) for collection and mailing on this dates following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **BY ELECTRONIC MAIL**:
I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

[ ]   **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

☒   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[]   **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **16**th day of **September, 2013** at Los Angeles, California.

Linda Brooks

**SERVICE LIST**
**Paul Kindschi v. CMRE Financial Services**
**07646.00**

Jared M. Hartman, Esq.                    **Attorneys for Plaintiff:**
HARTMAN LAW OFFICES                       **PAUL KINDSCHI**
400 S. Melrose Drive, Suite 209
Vista, California 92081